[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a deficiency judgment against the defendants.
A judgment of strict foreclosure entered in this matter on July 24, 1991, with September 16, 1991 set as the law day for the defendants, who were the owners of the equity of redemption.
The said defendants failed to redeem on their law day and all subsequent encumbrancers also failed to redeem. Title to the subject premises vested in the plaintiff on September 23, 1991.
At the time of judgment, the Court found the debt to be $162,210.75 as of July 16, 1991. Counsel fees were awarded in the amount of $9,656.50 plus costs of $2,150.00.
Based on an appraisal submitted by Appraisal Resources of Connecticut (Richard H. Barry), the Court, at that time, found the fair market value of the property to be $70,000.00. (Plaintiff's Exhibit 1). Mr. Barry testified at this hearing to determine deficiency, that his opinion of fair market value on September 23, 1991 remained $70,000.00. The Court notes, however, that it is irrelevant to a determination of CT Page 2466 deficiency that the Court had placed a prior value on the property for purposes of the earlier foreclosure proceeding. Eichman v. J J Building Co., 216 Conn. 443 (1990). It is understandable that the defendants could choose not to contest the foreclosure procedure but are in an entirely different posture when a deficiency is sought. Suffice it to say that the matter of deficiency is decided on the testimony presented at the deficiency hearing and the plaintiff has the burden of proof regarding fair market value as of the date title vests in it.
The Court was presented with two appraisals. The plaintiff's appraiser estimated the fair market value of the property to be $70,000.00, while the defendant's appraiser estimated the fair market value to be $225,000.00.
Both experts are well qualified with substantial experience in the field of real estate appraisals. This Court finds the estimate of Robert Morra (the defendant's appraiser) to be, in general, better reasoned and makes the following findings and conclusions.
The property in question was purchased in 1988 for $220,000.00 by the defendants. They proposed to build nine (9) town house style condominium units. Seven (7) would be two (2) bedroom units and two (2) would be one (1) bedroom units, and obtained the necessary approval for the project. Construction had commenced when a fire occurred which ended the construction. (The plaintiff was paid $300,000.00 as a named insured from the insurance carrier). The property is located in a residential-commercial-historic zone which allows various uses including single family homes and two family homes. Multi-family and condominiums are allowed with special permit, offices, retail sales, and other uses.
The property is assessed by the town at $10,000 per unit or $90,000.00. That is based on 70% of valuation.
The plaintiff's appraiser had previously appraised the property in 1989 for the plaintiff bank, at $216,000.00 This was after the real estate had peaked in the Spring of 1988.
His current valuation of $6,000.00 per unit was equivocal. He conceded the possibility that $10,000.00 per unit was reasonable. With nine (9) units, that reflects a difference of $36,000.00 for the raw land.
In his comparable sales approach (all of which were sales prior to December 1989) they were substantially higher than the $6,000.00 per unit he now allocates. His assessment CT Page 2467 that the improvements increased the value by $23,000.00 is problematic. In his 1989 appraisal, he ascribed approximately $173,000.00 to the value of the improvements he now claims to be worth only $23,000.00.
These improvements include the following: three full foundations, 1400 linear feet of concrete retaining wall, some framing, excavation, grading and drainage costs. The defendant's appraiser has offered credible testimony as to how he arrived at these values. He based his findings on objective cost data obtained from Marshall and Swift Valuation Service, a service widely used by real estate appraisers. Thus while some subjectivity is always involved in real estate appraising, based on the experience and perhaps the purposes of an appraisal, the use of an objective method in this case is persuasive. There is a driveway to the site from the street, with a curb cut, and the fire debris has been largely removed. The foundations appear to be undamaged by the fire and are usable as they stand.
Everyone agrees that the real estate market is "soft" at the present time and it was in that condition in September, 1991, however the plaintiff has not persuaded the Court that this property has depreciated in value to the extent it claims, especially in view of the substantial improvements made to it. On the other hand, the Court does not believe that a buyer would be willing to pay dollar for dollar for the improvements as the defendant suggests.
For the foregoing reasons the Court finds the fair market value of the property as of September 23, 1991 as follows:
Land $90,000.00 Improvements
(2/3 of $135,000) 90,000.00 --------------------------------- Total $180,000.00
Since the fair market value exceeds the debt found as of the date of judgment, the plaintiff is not awarded interest.
The plaintiff has requested as part of the deficiency a tax lien not previously included in the amount of $10,679.04, and they are entitled to recover that amount. Therefore, the tax lien is added to the judgment debt, making the total debt $184,696.29.
Judgment, therefore shall enter for the plaintiff in the CT Page 2468 amount of $4,696.29.
BY THE COURT, HON. LAWRENCE C. KLACZAK SUPERIOR COURT JUDGE